Submitted November 7; permanent disbarment ordered
November 13, 1940

## In re SHENKER
(106 P. (2d) 1046)

PER CURIAM. The Board of Governors of Oregon State Bar has filed with this court its recommendation that William S. Shenker, an attorney of this court, be permanently disbarred from the practice of law in this state.

The complaint filed by Oregon State Bar against Mr. Shenker alleges that between March 15, 1939, and September 12 of that year he, as attorney for the administratrix of an estate, induced such administratrix to sell assets of the estate consisting of personal property, without first procuring an order of the probate court authorizing such sale; and that upon receipt by the administratrix of $551.40 as proceeds of that sale the accused, through false representations, caused the

administratrix to turn over to him the sum received by her and misappropriated it to his own use and benefit.

Upon discovery of the fraud perpetrated by the accused and demand by the administratrix for repayment, the accused gave her a check for $551.40 drawn on a bank in Portland, knowing that he did not have on deposit in such bank sufficient funds to pay the check. Presentment of the check to the bank for payment was made numerous times and payment refused because of insufficient funds. The amount of the check was not paid to the administratrix until after complaint had been made by her to the grievance committee of Oregon State Bar for Multnomah county.

It is further alleged that Mr. Shenker failed to deposit in the above mentioned bank funds to cover the check for the reason that he did not have sufficient money, "and with the further intent and purpose of coercing and compelling said administratrix in her personal and individual capacity to raise funds or in some manner secure and pay over to the said Shenker money, although the amount and items thereof were not reduced to an itemized statement or claim, alleged by said Shenker to be owing to him for alleged and purported services rendered to said Ada Layton in her individual capacity and to other members of her family; and that said alleged purported claim was separate and distinct from any obligation of the deceased or his estate or said Ada Layton in her representative capacity as administratrix thereof."

Mr. Shenker filed an answer, denying generally all the allegations contained in the complaint relating to his misconduct. A hearing was had before the trial committee, which found the accused guilty of all the

charges made in the complaint and recommended his permanent disbarment. The findings and recommendation of the trial committee were approved by the Board of Governors. No petition has been filed by Mr. Shenker in this court for a review of the board's recommendation or for its reversal or modification.

The transcript of the testimony taken before the trial committee has been filed in this court with the findings and recommendation of that committee and the Board of Governors. After considering the entire record in the case we conclude that the findings made by both the trial committee and the Board of Governors should be approved and that their recommendation should be followed.

On October 17, 1939, this court suspended the accused for a period of two years, for unprofessional conduct: *In re Shenker*, 162 Or. 681, 94 P. (2d) 724. It was after the charges therein involved had been made and while action on them was pending that the acts herein complained of were committed. And although such charges concerned misrepresentations and misappropriation of his clients' money by the accused, he obviously was not deterred thereby from further misconduct of the same kind. He has demonstrated that he is wholly untrustworthy and morally unfit to be permitted to continue as an attorney. It is ordered that William S. Shenker be, and he hereby is, permanently disbarred from the practice of law in the state of Oregon.

Bean, J., not participating.